**Affirmed and Cross-Appeal Dismissed and Memorandum Opinion filed January 9, 2024.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-22-00244-CV

---

### ENTERPRISE GAMING LLC, Appellant / Cross-Appellee

### V.

### 024 FAMILY OFFICE LLC, Appellee / Cross-Appellant

---

**On Appeal from the 165th District Court
Harris County, Texas
Trial Court Cause No. 2021-40998**

---

## MEMORANDUM OPINION

Enterprise Gaming LLC appeals from the denial of its motion to dismiss under the Texas Citizens Participation Act,[1] contending that 024 Family Office LLC's claims are based on or in response to Enterprise's exercise of its right of association with other defendants. Family Office also appealed but declined to

---

[1] *See* Tex. Civ. Prac. & Rem. Code § 27.001–.011.

prosecute its appeal. We dismiss Family Office's appeal and affirm the trial court's judgment.

## I. TCPA LEGAL PRINCIPLES

The TCPA was designed to protect a defendant's rights of speech, petition, and association while protecting a claimant's right to pursue valid legal claims for injuries caused by the defendant. *Montelongo v. Abrea*, 622 S.W.3d 290, 295 (Tex. 2021) (citing Tex. Civ. Prac. & Rem. Code § 27.002). To accomplish this objective, the TCPA provides for a multi-step process for the dismissal of a legal action to which it applies. *See id.* at 295–96. First, the movant must demonstrate that the legal action is "based on or is in response to" the movant's exercise of a protected right—here, the right of association. *See id.* at 296. Then, if the movant meets this burden, the claimant may avoid dismissal by establishing by clear and specific evidence a prima facie case for each essential element of the claim in question or the application of a statutory exemption. *See Union Pacific R.R. Co. v. Dorsey*, 651 S.W.3d 692, 695 (Tex. App.—Houston [14th Dist.] 2022, no pet.) (citing *Montelongo*, 622 S.W.3d at 295; *Hieber v. Percheron Holdings, LLC*, 591 S.W.3d 208, 210–11 (Tex. App.—Houston [14th Dist.] 2019, pet. denied)).

An "exercise of the right of association" means to join together to collectively express, promote, pursue, or defend common interests relating to a governmental proceeding or a matter of public concern. Tex. Civ. Prac. & Rem. Code § 27.001(2). "Common interests" means something more than individuals joining together as part of private business transactions; it means "of or relating to a community at large: public." *Rep. Tavern & Music Hall, LLC v. Laurenzo's Midtown Mgmt., LLC*, 618 S.W.3d 118, 126–27 (Tex. App.—Houston [14th Dist.] 2020, no pet.). A "matter of public concern" is a statement or activity regarding (1) "a public official, public figure, or other person who has drawn substantial

2

public attention due to the person's official acts, fame, notoriety, or celebrity"; (2) "a matter of political, social, or other interest to the community"; or (3) "a subject of concern to the public." Tex. Civ. Prac. & Rem. Code § 27.001(7).

We review de novo whether the parties have met their respective burdens. *See M.A. Mills, P.C. v. Kotts*, 640 S.W.3d 323, 326 (Tex. App.—Houston [14th Dist.] 2022, pet. denied). In reviewing these issues, the plaintiff's petition is the "best and all-sufficient evidence of the nature" of a claim. *Hersh v. Tatum*, 526 S.W.3d 462, 467 (Tex. 2017) (quotation omitted). The basis of a legal action is not determined by the defendant's admissions or denials but by the plaintiff's allegations. *Id.* We view the pleadings in the light most favorable to the plaintiff, favoring the conclusion that their claims are not predicated on protected expression. *Sanchez v. Striever*, 614 S.W.3d 233, 246 (Tex. App.—Houston [14th Dist.] 2020, no pet.).

## II. BACKGROUND

In its live petition, Family Office asserts claims against Enterprise and five other defendants for fraud, breach of contract, theft under the Texas Theft Liability Act, conversion, unjust enrichment, money had and received, and conspiracy.

Family Office alleges that the defendants "duped" Family Office into lending them money for a series of "bogus transactions purportedly related to the production and sale of personal protective equipment and disinfectant foggers." The defendants "made material misrepresentations about the transactions and their intent to repay [Family Office] for its investments." The defendants "represented that they had executed valid written purchase agreements with contract counterparties, but the signatures on those agreements are believed to have been either forged or made by individuals with no authority to enter into the transactions at issue."

3

Family Office alleges that it loaned several of the named defendants millions of dollars so the defendants could purchase and resell protective equipment and disinfectant defoggers during the Covid-19 pandemic. Although the defendants characterized the transactions as a "humanitarian effort to aid in combatting the effects" of the pandemic, Family Office alleges that the defendants instead conspired to steal the money. Several of the defendants repeatedly lied to and tricked Family Office into lending the funds, which the defendants have not repaid.

One of the defendants, Robert Maxwell, funneled millions of dollars to his e-sports company, Enterprise. Family Office alleges that the "defendants" generally engaged in the wrongful conduct. Regarding Enterprise specifically, Family Office alleges that Enterprise's corporate form should be disregarded because Maxwell funded Enterprise with money wrongfully obtained from Family Office, comingled funds, and failed to observe corporate formalities.

Enterprise filed a motion to dismiss under the TCPA, contending that Family Office's claims were based on or in response to Enterprise's exercise of its right of association with the codefendants, one of whom was the mayor of Hunters Creek Village, a city in Harris County. The motion was denied by operation of law, and both parties appealed. *See* Tex. Civ. Prac. & Rem. Code § 27.008(a).

### III.  ENTERPRISE'S APPEAL

Enterprise contends as part of its first issue that the trial court erred by denying the motion to dismiss because Enterprise met its initial burden to show that the TCPA applied to each of Family Office's claims against Enterprise. Enterprise contends that the claims are based on Enterprise's exercise of its right of association because Enterprise joined together with the other defendants "to pursue the common interest of combatting the Covid-19 pandemic," noting that one of the defendants was an elected official.

4

The right of association is not implicated when a plaintiff claims merely that the defendants conspired to engage in tortious conduct. *See Huynh v. Francois-Le*, No. 14-19-00138-CV, 2021 WL 686291, at \*4 (Tex. App.—Houston [14th Dist.] Feb. 23, 2021, no pet.); *Rep. Tavern*, 618 S.W.3d at 126. There must be a "common interest" that relates to the community at large. *Rep. Tavern*, 618 S.W.3d at 125–27 (TCPA inapplicable to allegations based on representations that the defendants would fund the construction and operation of a restaurant because the claims concerned "only a private transaction between private parties"); *see also Huynh*, 2021 WL 686291, at \*1, \*5 (TCPA inapplicable to claims for conspiracy, tortious interference, and conversion based on allegations that the defendants undertook a coordinated effort to damage a business and its reputation).

Family Office alleges in its petition, which we review de novo and in the light most favorable to Family Office, that although Enterprise and the other defendants claimed to have a common interest of combatting a pandemic, in fact the defendants did no such thing. Instead, they joined together to defraud Family Office. Thus, Family Office does not allege that the defendants joined together to collectively express, promote, pursue, or defend common interests relating to a governmental proceeding or a matter of public concern. Family Office's claims are "based on or in response to" the defendant's joining together to defraud Family Office. Family Office alleges in its petition that it was duped into lending money to several of the defendants, that the funding it provided was obtained by misrepresentations, and that the defendants never intended to repay.

Allegations that the defendants used a purported plan to produce and sell Covid-19 protective equipment and disinfectant foggers as a ruse to steal from Family Office does not convert an ordinary business dispute into a protected exercise of the right of association among joint tortfeasors. For example, *Noble*

*Capital Venture Fund, LLC v. Revelry on the Boulevard, LLC*, No. 08-22-00208-CV, 2023 WL 5313093 (Tex. App.—El Paso Aug. 17, 2023, pet. filed) (mem. op.), involved claims for breach of fiduciary duty and fraud, among others, concerning loans and the funding of a restaurant during the Covid-19 pandemic. *See id.* at *2. Despite the movant's argument that the TCPA applied because the restaurant was impacted by the pandemic and received related federal loans, the claimant's suit was factually predicated on correspondence concerning the nature of the movant's financial contributions, forged promissory notes, and demands for payment—i.e., the parties' business relationship. *See id.* at *6. The movant failed to meet its burden to show that its associations were made in connection with matters of public concern because these were purely private matters concerning a contract dispute affecting only the fortunes of the private parties involved. *See id.*

A plaintiff's claims are not based on or in response to the exercise of a protected right just because the statements or conduct at issue were made against the backdrop of matters that may be of general interest to the public. For example, in *McLane Champions, LLC v. Houston Baseball Partners LLC*, 671 S.W.3d 907 (Tex. 2023), the Supreme Court of Texas held that the TCPA did not apply based on an alleged right of free speech or right of association although "alleged misrepresentations were made in connection with negotiations to close the purchase and sale of the Astros," *id.* at 919, a team that became "one of the most consistently successful teams in baseball, playing in four World Series in six years and winning two," *id.* at 910 n.1. "That the subject of the purchase agreement—a professional sports team—is generally of public interest does not render the specific communications at issue relevant to a public audience when they were made." *Id.* at 919. Rather, the case presented a "garden-variety fraud and breach-of-contract dispute between a private buyer and a private seller regarding

statements made during a private negotiation that [had] nothing to do with 'the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law.'" *Id.* (quoting Tex. Civ. Prac. & Rem. Code § 27.002)).

Enterprise relies on *Weber v. Fernandez*, No. 02-18-00275-CV, 2019 WL 1395796 (Tex. App.—Fort Worth Mar. 28, 2019, no pet.) (mem. op.), contending that "courts routinely apply the TCPA to claims implicating misconduct by elected officials." *Weber* involved an elected official suing another elected official and others based on the movant's alleged defamation and libel concerning the claimant's criminal history. *See id.* at *2. The court held that the claimant's suit was based on the movant's exercise of their right of free speech because the defamatory statements were made during a political contest and related to the charge and prosecution of a public official for the crime of theft while he held public office. *See id.* at *6. *Weber* is inapplicable because Family Office's claims are not based on or in response to the defendants' joining together to collectively express, promote, pursue, or defend common interests relating to the mayor's alleged theft. Family Office's claims, as described in its petition, are based on or in response to the theft itself. Thus, Family Office's claims concern only private transactions between private parties based on the defendants' misrepresentations to obtain Family Office's money.

Enterprise failed to meet its burden to show that Family Office's claims are based on or in response to Enterprise's exercise of the right of association. The trial court did not err by denying Enterprise's motion to dismiss.

7

Enterprise's first issue overruled.[2]

## IV.    FAMILY OFFICE'S APPEAL

Family Office filed a notice of appeal but did not file an appellant's brief. Enterprise asks this court to dismiss Family Office's cross-appeal for want of prosecution. *See* Tex. R. Civ. P. 38.8(a)(1) ("If an appellant fails to timely file a brief, the appellate court may: (1) dismiss the appeal for want of prosecution, unless the appellant reasonably explains the failure and the appellee is not significantly injured by the appellant's failure to timely file a brief[.]"). Family Office acknowledges in its appellee's brief that it "decided not to proceed" with its appeal. Accordingly, Family Office's cross-appeal is dismissed for want of prosecution.

## V.    CONCLUSION

The trial court's denial of Enterprise's TCPA motion is affirmed. Family Office's cross-appeal is dismissed.


/s/     Ken Wise
        Justice


Panel consists of Justices Wise, Jewell, and Poissant.

---

[2] Having concluded that the TCPA does not apply and overruled Enterprise's first issue, we do not reach its second issue regarding the application of the TCPA's common-law fraud exemption.